**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAJENDRA RAJMAN RAJPAUL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **3:17-CV-00070-RFC** |
| **NANCY A. BERRYHILL,** | § | |
| **Acting Commissioner of the** | § | |
| **Social Security Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Rajendra Rajman Rajpaul ("Plaintiff") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

**PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on July 8, 2013, alleging disability beginning May 1, 2012, due to post-traumatic stress disorder ("PTSD"), depression, and left shoulder, ankle, and hand injuries. (R:295-99, 354).[1] After Administrative Law Judge ("ALJ") J. Frederick Gatzke issued a decision denying benefits on April 6, 2015, the Appeals Council remanded for further proceedings. (R:161-178, 183-185, 201-202). After a second hearing, ALJ Gordan Momcilovic issued an unfavorable decision on July 19, 2016. (R:8-30, 75-131). The Appeals Council denied review,

---

[1] Reference to the record of administrative proceedings is designated by (R:[page number(s)]). Reference to the pleadings is designated by (Doc.[docket number]:[page number(s)]).

making the ALJ's decision the Commissioner's final administrative decision. (R:1-7). Plaintiff filed his civil action on March 8, 2017. (Doc. 1).

## ISSUES

Plaintiff contends that the ALJ's finding that he is not disabled is not supported by substantial evidence and is not based on the application of proper legal standards. (Doc. 17:1). Specifically, Plaintiff presents the following issues for review:

(1) The ALJ erred in finding certain medically-determinable impairments to be non-severe or in failing to consider the limiting effects of all medically-determinable impairments, including those found to be non-severe, in determining Plaintiff's RFC;

(2) The ALJ's RFC finding regarding restrictions related to Plaintiff's Traumatic Brain Injury ("TBI") are not supported by substantial evidence;

(3) The ALJ's assessment of weight accorded to Plaintiff's treating physician and other opinion evidence is not based on the criteria required by the regulations, nor is it supported by substantial evidence; and

(4) The ALJ failed to consider and evaluate the functional effects of Plaintiff's pain, and the ALJ's conclusion is not supported by substantial evidence.

(*Id*.). Plaintiff seeks reversal of the Commissioner's decision and a remand for further proceedings. (Doc. 17:30-32).

## DISCUSSION

### I.    *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla, and less than a preponderance." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000), citing *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (internal quotations omitted). The

Commissioner's findings will be upheld if supported by substantial evidence. *Masterson*, 309 F.3d at 272. A finding of no substantial evidence will be made "only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not "re-weigh the evidence, try the questions *de novo*, or substitute [its own] judgment for the Commissioner's, even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Masterson*, 309 F.3d at 272. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452 (citations and internal alterations omitted).

## II.    *Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

Before moving to step four, it is the ALJ's responsibility to determine the claimant's Residual Functional Capacity ("RFC"), which is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; Social Security Ruling ("SSR") 96-8p; *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

3

The claimant bears the burden of proof at the first four steps of the analysis. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Id.*, at 632-33.

It is Plaintiff's burden to establish disability, i.e., a physical or mental impairment lasting at least 12 months that prevents him from engaging in substantial gainful activity, and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See Chambliss*, 269 F.3d at 522.

In the present case, at step two, the ALJ found that Plaintiff had severe impairments, in combination if not singly, of: major depressive disorder ("MDD") and PTSD, moderate left shoulder degenerative joint disease status post left shoulder arthroscopy, biceps tenodesis, rotator cuff debridement, subacromial bursectomy, and open distal clavicle resection. (R:14). The ALJ found numerous non-severe impairments as well: mild obesity, mild right knee degenerative joint disease, a history of mild TBI, mild left plantar fasciitis, mild ankle edema, left middle finger tenosynovitis, mild sensorineural hearing loss bilaterally status post hearing aids, obstructive sleep apnea, migraine and tension headaches, mild fatty liver, benign hypertension, enlarged prostate, ocular hypertension/presbyopia, erectile dysfunction, and tobacco abuse. (*Id.*). At step three, the ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments. (R:14-16).

In considering the opinion evidence, the ALJ found the medical assessment completed by Plaintiff's primary care physician, Maria Botez, M.D., to be unsupported and inconsistent with other

substantial evidence in the record and, therefore, gave such opinion little weight. (R:21-22). The ALJ reviewed the disability rating of total and permanent disability from Veterans Affairs ("VA") and gave it partial weight, noting that such rating was predicated in part upon impairments the ALJ found to be non-severe, and was assessed prior to Plaintiff's surgery resulting in reduced pain and increased function to his left shoulder. (*Id.*). The ALJ also gave limited weight to the state agency opinions which were submitted before Plaintiff's shoulder surgery. (*Id.*).

The ALJ found that Plaintiff's medically-determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record. (R:16, 19, 20). The ALJ found many of Plaintiff's symptoms to have been successfully controlled or attenuated by treatment. (R:20). The ALJ accommodated Plaintiff's pain by reducing Plaintiff's RFC to light exertion with an additional limitation in overhead reaching with his left arm. (R:19).

Upon considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform light work[2] with the following limitations: Plaintiff can only occasionally reach overhead

---

[2] According to the regulations:

[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

with his left, non-dominant helper arm; occasionally interact with supervisors and coworkers (but never with the public); and perform simple job instructions and tasks.   (R:16).

At step four, the ALJ found that Plaintiff could not perform his past relevant work.   (R:22-23). At step five, considering Plaintiff's age, education, work experience, and RFC, and considering the vocational expert testimony, the ALJ found that other work existed in significant numbers in the national economy that Plaintiff could perform.   (R:23-24).   Consequently, the ALJ found that Plaintiff was not disabled.   (R:24).

**III.** ***Consideration of Plaintiff's Non-Severe Impairments***

Plaintiff contends that the ALJ erred in finding certain of his medically-determinable impairments to be non-severe at step two, arguing that the ALJ failed to consider such impairments in combination.   (Pl's Br., Doc. 17:21-22, citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000)).   The ALJ, however, in stating his finding, referred to the impairments he found to be non-severe as a "combination of slight abnormalities."   (R:14).   Plaintiff's argument, therefore, is baseless.

Plaintiff contends, in the alternative, that the ALJ erred by failing to consider the limiting effects of all of Plaintiff's medically-determinable impairments, including those that he found to be non-severe, in determining Plaintiff's RFC.   (Doc. 17:22-23).   Again, Plaintiff's claim is groundless. In formulating the RFC, the ALJ stated that he considered "the entire record" and "all symptoms," and that "after careful consideration of the evidence, [he found] that [Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (R:16). Medically-determinable impairments include both severe and non-severe impairments.

Plaintiff, however, argues that in determining Plaintiff's RFC, the ALJ erred by providing only a "bare conclusion" in addressing Plaintiff's knee pain.   (Doc. 17:23, citing R:18-19 and *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (The ALJ's bare conclusion that an impairment was not severe enough to meet or equal one of the impairments listed in the appendix was not sufficient for

judicial review, failure to identify impairment for which symptoms failed to qualify was not harmless)).  Plaintiff argues that the ALJ's explanation regarding Plaintiff's knee pain, stating that "there is little in the way of sustained abnormal findings[,]" was insufficient.  (Doc. 17:23; R:19).  Plaintiff ignores the substance of the entire paragraph in which the quoted sentence appears at the end.  (*See* R:18-19).  In that paragraph, the ALJ acknowledged continued findings of tenderness to palpation, but at the same time continued findings of normal balance, gait, range of motion, strength, reflexes, and no atrophy.  (*Id.*).  The ALJ's finding that there were no sustained abnormal findings demonstrating that Plaintiff's continued pain resulted in restricted use of his leg is supported by substantial evidence, which the ALJ sufficiently pointed out.

Plaintiff also contends that the ALJ erred by not explicitly discussing any of Plaintiff's other impairments that the ALJ had found to be non-severe in determining Plaintiff's RFC.  (Doc. 17:23).  Plaintiff maintains that the other non-severe impairments that were addressed at step two should have been considered and explicitly discussed again at step four, because the criteria for determining non-severity are not the same as those for assigning RFC restrictions.  (*Id.*).  Plaintiff does not specify in what way the difference in criteria would have resulted in a different outcome in this case, given the ALJ's actual discussion included at step two.

At step two, the ALJ's discussion of the non-severe impairments included findings regarding the lack of limitations altogether regarding some of the non-severe impairments; remediation of other non-severe impairments through the use of assistive devices such as lenses, hearing aids, and a Continuous Positive Airway Pressure ("CPAP") machine; and attenuation of other non-severe impairments through the use of medication.  (R:14).  The ALJ noted in his RFC discussion the finding that with respect to many of the alleged symptoms and limitations, treatment had been generally successful in controlling or attenuating the symptoms.  (R:20).  In his discussion of opinion evidence, the ALJ reiterated his findings that limitations caused by Plaintiff's migraine headaches were

addressed with medication. (R:21). The Court notes that a condition that can reasonably be remedied by treatment is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). Plaintiff has not articulated what limitations the ALJ failed to discuss or consider regarding the non-severe impairments.

Even if the ALJ erred in his finding that certain impairments were non-severe at step two, because the case does not turn upon a step-two determination and severe impairments were determined to exist, and because such non-severe impairments were considered in the ALJ's formulation of Plaintiff's RFC, any such error would be harmless. *See Herrera v. Comm'r*, 406 Fed. Appx. 899, 903 (5th Cir. Dec. 30, 2010) (per curiam) (holding that "ALJ's failure to assess the severity of [a claimant's] impairments at step two is not a basis for remand" where the ALJ proceeds beyond step two and determines that a claimant, despite severe impairments, "retained the residual functional capacity to do other work."); *Gibbons v. Colvin,* 2013 WL 1293902, at *16 (N.D. Tex. Mar. 30, 2013) (Ramirez, J.) (holding that error under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), potentially causing ALJ not to recognize certain impairments as severe at step two, was harmless because the ALJ considered the impairments in the RFC). This is not a case where the ALJ failed to consider impairments at all. (Doc. 18:5, citing *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (finding no grounds to remand based on severity finding where the ALJ proceeded to step four and found that impairment did not prevent claimant from performing past work).

Plaintiff has not shown that his non-severe impairments resulted in functional limitations beyond those accounted for in the ALJ's RFC finding. Reviewing the ALJ's discussion at step two of such impairments in conjunction with statements reflecting consideration of such impairments in his RFC determination, the Court finds that any error in failing to address such impairments again in explaining the determination of Plaintiff's RFC would also be harmless. To justify reversal and remand, the identified error must affect the substantial rights of the plaintiff. *See Taylor v. Astrue*, 706

F.3d 600, 603 (5th Cir. 2012) (*per curiam*). Thus, unless the error would "cast into doubt the existence of substantial evidence to support the ALJ's decision[,]" reversal is not required. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is only required where, absent the error, there is a "realistic possibility" that "the ALJ would have reached a different conclusion." *January v. Astrue*, 400 Fed. Appx. 929, 933 (5th Cir. 2010) (*per curiam*). Thus, Plaintiff is not entitled to relief on this claim.

**IV.** ***Substantial Evidence Supports the ALJ's RFC Determination Related to Plaintiff's TBI***

Plaintiff contends that the ALJ's discussion of Plaintiff's TBI is inadequate and the ALJ's determinations regarding Plaintiff's TBI are unsupported by substantial evidence. (Doc. 17:23-25). Plaintiff argues that the ALJ impermissibly provided only a bare conclusion that Plaintiff's TBI is not limiting, based on unremarkable intelligence and cognition testing reflecting cognitive ability within the average range. (Doc. 17:24-25, citing *Audler*, 501 F.3d at 448; R:14). Plaintiff also maintains that the ALJ erred by failing to accommodate in his RFC limitations resulting from Plaintiff's TBI. (Doc. 17:24-26).

Plaintiff highlights his reports to providers that he experienced headaches, blurry vision, tinnitus, dizziness, and vertigo, decreased ability to concentrate, and memory loss and lapses. (Doc. 17:25; R:1153). He also highlights a September 21, 2012, neuropsychological evaluation by Diana Davis, Ph.D., reflecting numerous cognitive deficits caused by his TBI. (Doc. 17:25; R:1960-82). Plaintiff argues that the detailed results of this evaluation conflicted with the mental status test results cited by the ALJ, which consisted of only 12 questions. (Doc. 17:25; R:2379-80).

The Court notes that the ALJ referred to more than the 12-question test acknowledged by Plaintiff; the ALJ also cited to a relevant impression contained within a lengthy report by Clinical Psychologist Timothy Fjordbak, Psy. D., signed on January 12, 2013, concluding that Plaintiff's mental symptoms were not residuals of TBI. (R:14, citing Ex. 7F75 (2399); R:2394-2402). Further,

after reviewing Plaintiff's medical history and examining him, Dr. Fjordbak found no history of and no physical findings of gait abnormalities, imbalance, or tremors. (R:548, 550). His diagnosis was mild TBI without residual effects; having no effect on usual occupations. (R:569). Dr. Fjordbak opined that the mental symptoms Plaintiff complained of were likely related to a psychopathological condition diagnosis, not TBI. (*Id*.). The Court also notes that the ALJ addressed Plaintiff's symptoms of headaches, vision, and hearing, though not in the context of TBI, finding that they could be reasonably remedied with treatment, medication, corrective lenses, and hearing aids. (R:14). The ALJ considered Plaintiff's mental impairments at length, albeit not in the context of TBI, both at step three and in determining Plaintiff's RFC. (R:14-15, 19-20).

The ALJ could have provided more discussion of Plaintiff's TBI impairment, but the records cited by the ALJ support his determination that Plaintiff's TBI was not a severe impairment and resulted in no relevant limitations. Plaintiff is not entitled to relief on this claim.

**V.** *The ALJ Properly Considered the Medical Opinion Evidence*

Plaintiff contends that the ALJ failed to properly consider medical opinion evidence, specifically the June 4, 2015, opinion of Maria Botez, M.D., that Plaintiff was physically incapable of work, and Plaintiff's VA disability rating of 100%. (Doc. 17:26-28). The Commissioner maintains that the ALJ had good cause to not assign controlling weight to Dr. Botez's opinion, properly considered the regulatory factors in weighing the medical opinion evidence, and that the ALJ's decisions to give Dr. Botez's opinion little weight and the VA rating partial weight are supported by substantial evidence. (Doc. 18:8-12).

In considering medical opinion evidence, the ALJ should generally give greater weight to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2). To give the treating source's opinion controlling weight, the ALJ must find that the opinion on the issues of the nature and severity of the impairment is (1) well-supported by medically acceptable clinical and laboratory diagnostic

techniques, and (2) not inconsistent with the other substantial evidence in the record. *Id.* However, if the ALJ finds the treating sources' opinions are not deserving of controlling weight, the relative weight of the sources' opinions are assessed through the application of the following factors:

1.  length of treatment and frequency of examination;

2.  the nature and extent of the treatment relationship;

3.  the support a medical source presents for its opinion, in terms of objective medical evidence and explanation;

4.  the consistency of the opinion with the record as a whole;

5.  the specialization of the treating physician; and

6.  other factors, including "the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has."

20 C.F.R. § 404.1527(c).

On June 4, 2015, Dr. Botez opined that Plaintiff had the following limitations: he could lift 10 pounds occasionally and never carry any weight; sit for only 3 hours, stand for 2 hours, and walk for 1 hour in an 8-hour day; frequently use his right hand; never use his left hand except for feeling occasionally; frequently use his right foot and occasionally use the left foot; and occasionally climb, balance, and stoop, but never kneel, crouch, or crawl; should avoid unprotected heights, vibration and moderate noise, and could only occasionally be exposed to moving mechanical parts, operation of a motor vehicle, humidity/wetness, dusts, odors, or fumes, and extreme temperatures. (R:21, 2430-47, 2453-66, 2961-65).

The ALJ acknowledged that Dr. Botez was Plaintiff's primary care physician, but found that the opinion was unsupported and inconsistent with the record evidence as a whole, and thus found good cause for not giving the opinion controlling weight, giving it little weight instead. (R:21-22); *see Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (an ALJ may reject a treating physician's opinion for good cause, such as when it is unsupported by the record.). The ALJ found that Dr. Botez

provided no explanation for limitations assessed for Plaintiff's right-side extremities and that such limitations did not appear to correlate to any known impairment reflected in the medical records. (R:21). With respect to the left shoulder impairment, the ALJ noted that Dr. Botez's opinion was unable to account for the positive effects of treatment and surgery occurring after the opinion was written, but also concluded that the medical records did not support a finding that Plaintiff's left shoulder condition was ever as severe or limiting as Dr. Botez opined. (*Id*.). The ALJ also found that the evidence did not support the standing, walking, and sitting limitations indicated by Dr. Botez, and contradicted such limitations, finding Plaintiff to be "fully ambulatory, walking without assistive devices" without "abnormal sensation or balance problem." (*Id*.). The ALJ had summarized the medical records regarding Plaintiff's left shoulder impairment, his complaints of knee pain, and his mental impairments. (R:17-21). The ALJ did not need to cite to specific records or findings again in discussing the opinion evidence for it to be clear to the Court to what lack of support and inconsistency the ALJ was referring.

The ALJ did not articulate consideration of the remaining factors, including the nature, extent, length, and frequency of the examining or treatment relationship, the specialization of the treating physician, or other factors. (R:21-22). Even if the ALJ committed error by failing to consider a factor or failing to provide adequate explanation of such consideration in his decision, the Court finds that it is harmless on this record and would not entitle Plaintiff to relief. *See Taylor*, 706 F.3d at 603; *Morris*, 864 F.2d at 335; *January*, 400 Fed. Appx. at 933. Plaintiff fails to present any argument for how consideration of any omitted factor could have led to the ALJ giving greater weight to the opinion. (Doc. 17:27). The Commissioner's citations to the record reflect that Dr. Botez treated Plaintiff intermittently since July 2010 for medication refills and general complaints. (Doc. 18:8, citing R:21, 2403-47, 2453-66, 2961-65). Her notes reflect Plaintiff's complaints of pain in his left-side extremities and general evaluations; they do not reflect complaints or observations of functional

limitations like the ones reflected in her assessment.   (2403-47, 2453-66, 2961-65).   To the extent the ALJ erred by not specifically mentioning the remaining Section 404.1527(c) factors, any such error is harmless.   *See Taylor*, 706 F.3d at 603; *Morris*, 864 F.2d at 335; *January*, 400 Fed. Appx. at 933. The ALJ's determination to give Dr. Botez's opinion little weight is supported by substantial evidence.

The ALJ's consideration of Plaintiff's VA disability ratings included the facts and circumstances and different criteria on which such ratings were based, and the fact that such ratings could also not take into account the post-operative improvement in Plaintiff's left shoulder impairment.   (R:22); 42 U.S.C. § 423(d)(1)(A).   The ALJ also noted that the VA rating was more restrictive than the state agency opinions, also provided pre-operation, assessing a restricted range of light work.   (R:22).   The ALJ properly considered the VA ratings and his determination to give only partial weight to the VA ratings is supported by substantial evidence.   *See Chambliss*, 269 F.3d at 522-23 (no error where relative weight assigned opinion is supported by valid reasons).

The ALJ properly considered opinion evidence and the determination of weight given to each is supported by substantial evidence in the record.   Plaintiff is not entitled to relief on this claim.

**VI.**      ***The ALJ Properly Considered and Evaluated Plaintiff's Subjective Pain Symptoms***

Plaintiff claims that the ALJ did not properly evaluate the functional effects of his pain, requiring that the pain itself be disabling, and failed to consider the requisite regulatory factors.   (Doc. 17:28-30).   Alternatively, Plaintiff argues that the ALJ's determination is not supported by substantial evidence.   (*Id*.).   The Commissioner maintains that the ALJ properly considered all of the evidence and the factors set out in 20 C.F.R. § 404.1529(c)(3),[3] resolved any conflicts in the evidence, and is

---

3 These factors are:

    (1)  [Plaintiff's] daily activities;

    (2) The location, duration, frequency, and intensity of the symptoms;

    (3) Precipitating and aggravating factors;

supported by substantial evidence in the record. (Doc. 18:12-15; R:16-22); 20 C.F.R. § 404.1529(a); SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ properly considered whether Plaintiff's pain could be considered independently disabling, that is, whether it was "constant, unremitting, and wholly unresponsive to therapeutic treatment[,]" and, based on Plaintiff's reports of reduced pain with the use of the Tens Unit, medication, and surgery, determined that it was not. (R:17-19). The ALJ's seven-page discussion of Plaintiff's impairments and resulting symptoms, including pain, incorporated many of the Section 404.1529(c)(3) factors. The ALJ then explained that the RFC determination accounted for Plaintiff's shoulder pain by limiting overhead reaching with the left arm and for his knee pain by a reduction to light exertion and that "[f]urther erosion of the occupational base is not warranted [because Plaintiff] reported that his pain was controlled [] and intermittent." (R:19). The ALJ's decision does not reflect that the ALJ imposed an improper standard in analyzing Plaintiff's pain. To the extent the ALJ failed to touch upon all seven required factors, Plaintiff does not explain how consideration of any omitted factor may have altered the ALJ's conclusion, and the Court has found nothing in the record to suggest that it would. Thus, any such error is harmless. *See Taylor*, 706 F.3d at 603; *Morris*, 864 F.2d at 335; *January*, 400 Fed. Appx. at 933.

Although Plaintiff contends that the ALJ misstated and inexplicably extrapolated from Plaintiff's admission of activities of daily living, each activity discussed was explicitly reflected in the

---

(4) The type, dosage, effectiveness, and side effects of any medication [Plaintiff has] taken to alleviate [Plaintiff's] pain or other symptoms;

(5) Treatment, other than medication, [Plaintiff] receive[s] or [has] received for relief of [Plaintiff's] pain or other symptoms;

(6) Any measures [Plaintiff] use[s] or [has] used to alleviate [Plaintiff's] pain or other symptoms []; and

(7) Other factors concerning [Plaintiff's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

form Plaintiff submitted.   (Doc. 17:29-30, citing R:21, 104, 372-374).   While Plaintiff disputes that the travel cited by the ALJ is inconsistent with disability, the records do not reflect that Plaintiff complained of any difficulty in accomplishing the physical, mental, and social demands of such travel and instead reported that he was able to stay active and do his exercises while he was out of town. (Doc. 17:30; R:21, 2837).   Nor did the ALJ rest his disability determination solely on Plaintiff's ability to do the tasks listed or to travel.   (R:16-22; *see* Doc. 17:30, citing *Tang v. Apfel*, 205 F.3d 1084, 1086 (8th Cir. 2000)).   Plaintiff has failed to establish that consideration of such accomplishments without complaint is inappropriate to support a finding of non-disability.

Plaintiff has failed to establish that the ALJ failed to properly consider his symptoms of pain, improperly considered his activities of daily living and travel, or lacked substantial support for his determinations.   The Court finds that the ALJ's determination is supported by substantial evidence. Plaintiff is not entitled to relief on this claim.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED and ENTERED on August 22, 2017.**

_____

**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**